LESTER WALTER MUELLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mueller v. Commissioner
Docket No. 32984-83.
United States Tax Court
T.C. Memo 1985-450; 1985 Tax Ct. Memo LEXIS 180; 50 T.C.M. (CCH) 914; T.C.M. (RIA) 85450; August 27, 1985. Lester Walter Mueller, pro se. Karen Simonson, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned to the undersigned pursuant to the provisions of section 7456(d)(3), Internal Revenue Code of 1954, [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined a deficiency of $3,001 in petitioner's 1979 Federal income tax. After concessions, [2] the issues for decision are whether petitioner is entitled to a $5,376 rental loss deduction and whether petitioner is entitled to a $1,639 investment credit. Some of the facts have been stipulated. The stipulation of facts, together with the attached exhibits are incorporated herein by this reference. Petitioner was a resident of Long Beach, *183 California, at the time of filing the petition herein. Petitioner was issued a private pilot's license on September 20, 1979. He purchased a 1974 Piper Warrior Aircraft on September 27, 1979, for $13,900. On October 19, 1979, the plane first became available for rental at the Hawthorne Municipal Airport. Bates Aviation, Inc., acted as petitioner's rental agent and was to receive $13 per hour of the rental fee, petitioner was to receive $14 per hour. Petitioner was financially responsible for all insurance, [3] gas, oil and tiedown charges. The plane was available for rental from October 19, 1979 through October 23, 1979; during that period petitioner was the only one (except for maintenance use) who used the plane. The plane was not rented. Petitioner was checked out on the Piper Warrior Aircraft on October 22. The plane then received a complete overhaul and was not again available for rental until December 16 at which time it was flown for a potential customer. Petitioner flew one of his professional colleagues to Cobo San Lucas, Baja California, and Mexico on December 26. This trip lasted until January 2, 1980. Petitioner testified that he hoped to entice his colleague *184 into renting the plane to take flying lessons. During 1979, petitioner is the only person who flew the plane other than for maintenance. It was never rented. On his 1979 Federal income tax return petitioner deducted the following expenses incurred in connection with the airplane rental: Advertising
[4] $ 387
Auto & Travel
75
Insurance
253
Interest
279
Management Fees
86
Repairs (electrical)
10
Repairs (painting & decorating)
485
Fuel
182
Taxes
834
Title Search
25
Total
[5] $2,616
Depreciation
[6] $2,760
Petitioner received no income from the rental of the plane in 1979. In 1980 and 1981 he received rental income of $2,988 *185 and $2,430, respectively. In both years, however, expenses incurred in renting the plane were greater than the income generated by the activity. Respondent disallowed all deductions taken by petitioner in connection with the rental of his airplane except for deductions for taxes and interest. Respondent also disallowed the investment credit taken by petitioner. Respondent contends that the expenses are not ordinary and necessary business expenses incurred in an activity engaged in for profit. Petitioner argues that he purchased the plane with the intent to realize a profit through rental income and appreciation in value. We must determine whether petitioner's airplane rental activity was either a trade or business within the meaning of section 162 or an activity engaged in for profit within the meaning of section 212. It is well settled that for an activity to constitute the carrying on of a trade or business, such activity must be carried on for livelihood or profit or there must be a profit motive and some type of economic activity. It is not whether a profit is made that is controlling, *186 but, rather, the activity must be entered into in good faith with the dominant hope and intent of realizing a profit. Hirsch v. Commissioner,315 F.2d 731 (9th Cir. 1963), affg. a Memorandum Opinion of this Court. A profit motive is also necessary in order to qualify under section 212. If no profit motive exists with respect to an activity, such activity is neither a trade or business nor an activity engaged in for the production of income within the meaning of section 212. In determining whether an activity is one engaged in for profit our goal is to determine whether the taxpayer engaged in the activity with an actual and honest objective of making a profit. Dreicer v. Commissioner,78 T.C. 642 (1982), affd. without opinion (D.C. Cir. 1983). Whether the taxpayer possesses the required profit motive or intent is a question of fact to be decided based on all the evidence in the particular case. Sec. 1.183-2(b), Income Tax Regs.; Jasionowski v. Commissioner,66 T.C. 312 (1976). In making this factual determination, more weight must be given to the objective facts than to the mere statements of *187 the parties. Engdahl v. Commissioner,72 T.C. 659 (1979). Petitioner bears the burden of proving intent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
We look to the regulations under section 183 for help in determining whether a profit motive exists. Section 1.183-2(b), Income Tax Regs., provides a list of nine factors to be used in determining whether an activity is engaged in for profit. These factors include: (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) any elements indicating *188 personal pleasure or recreation. Allen v. Commissioner,72 T.C. 28, 34 (1979). A record of losses over the years and the unlikelihood of achieving a profitable operation are important factors bearing on the taxpayer's true intention. Sec. 1.183-2(b)(6), Income Tax Regs.
Petitioner purchased his plane shortly after obtaining his pilot's license. During 1979 he was the only person who flew the plane other than for maintenance purposes. Petitioner testified that to his knowledge the people he took for flights during 1979 never did rent his plane. Petitioner attempted to deduct the costs of his trip to Cabo San Lucas as advertising expenses. We fail to see how a one-week trip to Mexico with an individual who did not have a pilot's license can so qualify.It appears that petitioner and his colleague took a one-week flying vacation in Mexico. We consider that petitioner did earn income in 1980 and 1981 from his rental activities, but we must also note that expenses and depreciation claimed for each year were greater than income earned. We also consider that petitioner sold the plane in 1981 for a gain of $2,233. [7] Petitioner derived a great *189 deal of personal pleasure and recreation from flying his plane and the rental activity was a means of subsidizing what was basically a personal expense. Upon careful review of the record we conclude that petitioner was not in the trade or business of airplane rentals. We also hold that he was not renting the plane for profit within the meaning of section 212. Therefore, any deductions allowed must fall within the provisions of section 183. Section 183(a) provides that if an individual engages in an activity and if that activity is not engaged in for profit, then no deduction attributable to that activity shall be allowed except as otherwise provided under section 183(b). Section 183(b) provides that in the case of an activity not engaged in for profit, there shall be allowed deductions which would be allowable without regard to whether such activity is engaged in for profit and other deductions which would be allowable if the activity were engaged in for profit *190 only to the extent of gross income derived from the activity during the taxable year. Because petitioner had no gross income from his airplane rental activities in 1979, he may only take deductions for taxes and interest. Petitioner claimed an investment credit in the amount of $1,639 in 1979. Respondent disallowed the deduction in full. Section 38 allows a tax credit for investment in certain property; the amount of the credit is determined under sections 46 through 50. The credit is available for "tangible personal property." Sec. 48(a)(1)(A). However, such property, like all section 38 property, must be that "with respect to which depreciation * * * is allowable." Sec. 48(a)(1). Depreciation is allowable only for property used in the trade or business or held for the production of income. Sec. 167(a). We have determined that petitioner's airplane rental activities were not engaged in for profit, therefore, the plane is not an item with respect to which depreciation is allowable. Hence, the airplane does not qualify as property for which the investment credit may be claimed. *191 Decision will be entered under Rule 155.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Respondent conceded petitioner's entitlement to a dependency exemption for his daughter.↩
3. Petitioner was charged by Bates for insurance for each of the periods the airplane was available for rent.↩
4. Petitioner now claims an additional $143.69 in advertising expenses. The total amount now claimed represents the cost of meals and lodging for petitioner and Mr. Higgins while in Mexico from December 26 through December 31. ↩
5. Petitioner now claims $45.73 in telephone expenses. ↩
6. On his return petitioner claimed a basis for his aircraft of $18,208, however, now he claims a basis of $18,501.68.↩
7. The gain was computed by utilizing cost basis which had been reduced by depreciation claimed in 1979, 1980 and 1981.↩